## GUNN v. MOORE.

(Supreme Court, Appellate Division, Third Department. December 12, 1899.)

COVENANT OF TITLE—BREACH—WIDTH OF LOT CONVEYED.

> Where a deed describes land as being 35 feet wide, front and rear, and 200 feet in depth, bounded on the west by land owned by G., and on the east by the land of H., and contains a covenant that the grantee shall quietly enjoy the premises, and that the grantor will warrant and defend the title, no breach of covenant occurs by the recovery of a strip of land, which was inclosed with the land sold at the time of sale, from the grantee by G., as the deed conveyed only to the east line of G.'s lot, and there is no proof as to the east line of plaintiff's lot, and no warranty as to the width of the lot.

Appeal from special term, Tompkins county.

Action by Minerva Gunn against Henry Moore. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before PARKER, P. J., and LANDON, HERRICK, KELLOGG, and MERWIN, JJ.

David M. Dean, for appellant.
E. E. Tibbetts, for respondent.

LANDON, J. The action is to recover damages for an alleged breach of a covenant of warranty. The defendant, by his deed executed March 30, 1895, conveyed to Helen M. Brokaw, the plaintiff's assignor, a parcel of land in the city of Ithaca, bounded as follows:

"On the north by Green street; on the east by a lot now owned by Hiram Gee; on the south by a lot owned by Levi Spaulding; and on the west by a lot of land owned or occupied by Andrew Gunn; being 33 feet in width, front and rear, and 200 feet in depth, and being the same premises conveyed to the party of the first part by the deed of William Simms and wife, dated May 14, 1869, recorded," etc.

The covenant was that "the party of the second part shall quietly enjoy the said premises; that the said Henry Moore will forever warrant the title to said premises." The deed from Simms and wife to the defendant contained the same description, except that the former owners or occupants of the adjoining lots were named, instead of those mentioned in the deed given by the defendant. Mrs. Brokaw took possession of the lot; and soon after, in an action of ejectment brought against her by Minerva Gunn, the owner of the adjoining

lot on the west, judgment was recovered against her for a strip of land 81 feet long and about 18 inches wide, which it was determined by the judgment belonged to Mrs. Gunn, but was inclosed with the lot conveyed by defendant to Mrs. Brokaw. In other words, the true boundary line between the two lots being ascertained upon the trial, the strip was found to belong to Mrs. Gunn, and not to Mrs. Brokaw. Mrs. Brokaw was thereupon evicted from the strip. Upon being sued, she gave notice to the defendant, and required him to defend her title to the strip. The defendant failing to do this, Mrs. Brokaw, after the judgment against her, assigned her cause of action for damages against the defendant for breach of the covenant to Mrs. Gunn, this plaintiff.

It is obvious from this statement that the defendant did not in fact convey the strip in question to Mrs. Brokaw. The description by which he conveyed to her did not embrace it. He conveyed to the east line of the Gunn lot, and that line excluded this strip. The boundary line between the two lots, as described in the deeds to Mrs. Gunn and her grantors, is a true north and south line, and does not in terms cover any of the land conveyed by the defendant to Mrs. Brokaw. The defendant's covenant does not guaranty the width of the lot conveyed to Mrs. Brokaw to be 33 feet. Moreover, there is no proof of the true location of the east line of the lot conveyed to her, and therefore that the lot is of less width than that mentioned in the deed is not shown.

Judgment reversed; new trial granted; costs to abide the event. All concur.